SARAH S. BROOKS (SBN 266292)
JONATHAN L. KO (SBN 321827)
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901
SSBrooks@Venable.com
JLKo@Venable.com

*Attorneys for Plaintiff Anoxia Medical Inc.*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anoxia Medical Inc., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>Alembic, LLC, a Delaware limited liability company<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Anoxia Medical Inc. ("Anoxia" or "Plaintiff"), through its undersigned counsel, brings this action against Defendant Alembic, LLC ("Alembic" or "Defendant"). In support of the Complaint, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This a patent infringement action against Defendant for infringement of United States Patent No. 11,096,703 ("the '703 Patent") and United States Patent No. 11,890,024 ("the '024 Patent") (collectively, "the Asserted Patents").

2. Defendant intentionally infringed the '703 and '024 Patents by manufacturing, making, using, marketing, offering for sale and/or selling infringing catheter products, including Defendant's APRO70 and APRO55 catheters ("APRO catheters" or "the Accused Products").

## THE PARTIES

3. Plaintiff Anoxia Medical Inc. is a Delaware corporation with a principal place of business at 46751 Fremont Blvd, Fremont California 94538. Anoxia develops innovative FDA-approved medical catheters for endovascular (inside a blood vessel) applications designed to save lives by more efficiently removing blood clots from the human body.

4. Anoxia is an innovator in the medical device field. After considerable research and development, in December 2023, Anoxia was awarded clearance by the United States Food and Drug Administration ("FDA") for its Slinky®75 Catheter invention for general neuro-peripheral applications that can be used to facilitate the introduction of diagnostic agents and therapeutic devices (the "Slinky technology"). A true and correct copy of Anoxia's premarket authorization letter from the FDA is attached hereto as **Exhibit A**. Continuing from their success, Anoxia is currently working on FDA clearance for revascularization of patients with Acute Ischemic Stroke by use of the same Slinky technology. Anoxia's Slinky technology is embodied by U.S. Patents Nos. 11,096,703 and 11,890,024.

5. On information and belief, Defendant Alembic, LLC is a Delaware limited liability company having a principal place of business at 627 National Ave., Mountain View, California 94043.

6. On information and belief, Defendant is a privately held medical device incubator company focused on manufacturing and distributing neurovascular catheters and microcatheters — including the Accused Products — within the United States and globally.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Anoxia's claims are for direct and indirect patent infringement, which arise under the patent laws of the United States, Title 35 of the United States Code. *See* 35 U.S.C. § 271 *et seq*. Federal District Courts enjoy exclusive original jurisdiction over civil actions arising under the patent laws of the United States. *See* 28 U.S.C. § 1338(a).

8. This court has personal jurisdiction over Defendant because, on information and belief, it has a principal place of business in the State of California. On information and belief,

Defendant has maintained, and continues to maintain, a principal place of business at 627 National Ave., Mountain View, California 94043 since January 11, 2013.

9. In addition, on information and belief, Defendant has conducted and does conduct business within the State of California. Defendant manufactures, markets, distributes, ships, imports, offers for sale, and/or sells its infringing APRO catheters, directly or through intermediaries, in the State of California and the Northern District of California. By doing so, Defendant has committed acts of patent infringement within the State of California and the Northern District of California.

10. Venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant maintains a principal place of business at 627 National Ave., Mountain View, California 94043.

## THE ’703 PATENT

11. United States Patent No. 11,096,703 is titled “CATHETER ASSEMBLY FOR BLOOD CLOTS REMOVAL” and was issued by the United States Patent and Trademark Office on August 24, 2021. A true and correct copy of the ’703 Patent is attached hereto as **Exhibit B**.

12. Plaintiff Anoxia possesses the right to manufacture, market, and sell the invention embodied in the ’703 Patent and therefore the right to sue and to recover for infringement of the ’703 Patent.

13. The ’703 Patent is an improvement over the prior art and discloses methods and devices for removing thromboembolic materials and other tissue from human body (e.g., blood clots). For example, the ’703 Patent discloses a medical device comprising an endovascular catheter and an aspiration pump, the catheter having a hybrid reinforcement that includes a helical coil and braid to improve performance characteristics and the aspiration pump being cycled to improve aspiration efficacy to remove thromboembolic material.

14. The ’703 patent teaches that the tubular portion of the catheter should have the “following characteristics: flexibility, durability, softness, and easily conformable to the shape of the treatment and to minimize risk of harm and trauma.” Ex. B, Col. 8 lines 65-67.

15. Additionally, the ’703 patent teaches and claims that the catheter wall includes a “hybrid reinforcement” wherein “the hybrid reinforcement comprises a helical coil and a braid.” *Id.*, Claim 1; *see also id.*, Col. 7 lines 25-27. Moreover, the ’703 patent further teaches that “by utilizing braiding and coiling reinforcements, shafts can be provided with thinner walls while also improving the pushability, steerability, torque, and non-kinking features that non-reinforced shafts lack.” *Id.*, Col. 14 lines 2-5.

16. The ’703 patent also teaches that it is “desirable that the catheter wall thickness ratio is 0.80 or higher”, i.e., that the catheter should have “a wall thickness ratio with the catheter inner diameter to catheter outer diameter that is higher than 0.80.” *Id.*, Col. 7 lines 30-36, Col. 16 lines 9-10; *see also id.*, Claim 1.

17. Figure 8 of the ’703 patent shows the unique reinforcement structure of the catheter 800 with the braid 816 surrounding the helical coil 815.



Fig 8

18. Anoxia develops and manufactures the Slinky®75 Catheter which is embodied by the ’703 Patent.

**THE ’024 PATENT**

19. United States Patent No. 11,890,024 is in the same patent family as the ’703 Patent and was issued by the United States Patent and Trademark Office on February 6, 2024. A true and correct copy of the ’024 Patent is attached hereto as **Exhibit C.**

20. Plaintiff Anoxia possesses the right to manufacture, market, and sell the invention embodied in the '024 Patent and therefore the right to sue and to recover for infringement of the '024 Patent.

21. Like the '703 Patent, the '024 Patent is an improvement over the prior art and discloses methods and devices for removing thromboembolic materials and other tissue from human body.

22. The '024 patent teaches that the tubular portion of the catheter should have the "following characteristics: flexibility, durability, softness, and easily conformable to the shape of the treatment and to minimize risk of harm and trauma." Ex. C, Col. 8 lines 65-67.

23. Additionally, the '024 patent teaches and claims that the catheter wall includes a "hybrid reinforcement" wherein "the hybrid reinforcement comprises a helical coil and a braid." *Id.*, Claim 1; *see also id.*, Col. 7 lines 25-27. Moreover, the '024 patent further teaches that "by utilizing braiding and coiling reinforcements, shafts can be provided with thinner walls while also improving the pushability, steerability, torque, and non-kinking features that non-reinforced shafts lack." *Id.*, Col. 14 lines 2-5.

24. The '024 patent also teaches that it is "desirable that the catheter wall thickness ratio is 0.80 or higher", i.e., that the catheter should have "a wall thickness ratio with the catheter inner diameter to catheter outer diameter that is higher than 0.80." *Id.*, Col. 7 lines 30-36, Col. 16 lines 9-10; *see also id.*, Claim 9.

25. Figure 8 of the '024 patent shows the unique braid 816 of the catheter embodiment surrounding the helical coil 815.



Fig 8

26. Like the ’703 Patent, Anoxia develops and manufactures the invention embodied by the ’024 Patent and is party to multiple business relationships involving Slinky technology development and manufacturing.

27. As a result of the benefits offered by the claims of the ’024 Patent, Plaintiff has developed a unique Slinky®75 Catheters technology embodied by the ’024 Patent.

**THE ACCUSED PRODUCTS**

28. Defendant has copied every aspect of Anoxia’s invention by copying Anoxia’s Slinky technology and by manufacturing and selling its Accused Products that infringe the Asserted Patents. Specifically, Defendant’s manufacturing and selling of its APRO70 and APRO55 catheters infringe at least one claim of the ’703 and ’024 Patents.

29. On information and belief, Defendant’s APRO catheters are manufactured and distributed by Defendant, and are additionally distributed and sold in the U.S. by Medtronic Neurovascular (“Medtronic”), with a principal place of business at 9775 Toledo Way, Irvine, CA 92618.

30. Models of Defendant’s APRO70 and APRO55 catheters, taken from a promotional brochure publicized by distributor Medtronic,[1] are shown below. The first image shows the APRO catheters, highlighting similar features to the embodiments of the ’703 and ’024 patents - their “excellent trackability” and “durability”, as well as their ability to maintain “consistent aspiration” and “smooth navigation.” The second image highlights the APRO catheters’ “unique Coil + Braid design”, like the embodiments of ’703 and ’024 patents, promoted as helping with optimizing endovascular navigability.

[1] *See* https://www.medtronic.com/content/dam/medtronic-wide/public/united-states/products/neurological/nv-ais-APRO-70-brochure.pdf (last accessed May 31, 2025).

APRO®* Catheters

1 Excellent trackability[†,1]

APRO®* 70 Catheter

APRO®* 55 Catheter

2 Maintain consistent aspiration[†,1]

3 Durability for Solitaire™ X Device compatibility[†,1]

4 Smooth navigation at every angle[†,§,1]

1 Excellent trackability to get to the target location faster[†,‡,1]

APRO®* Catheter unique Coil + Braid design at the tip optimizes navigability[†,1,3]

APRO®* 70/55[1]

31. Further, Defendant's APRO70 catheter is claimed to have the following dimensions: an inner diameter (ID) of 0.070 in / 1.8 mm; an outer diameter (OD) of 0.083 in / 2.1 mm; a hydrophilic coating length of 97 cm; and a useable length of 132 cm. Defendant's APRO55 catheter is claimed to have the following dimensions: an ID of 0.055 in / 1.4 mm; an OD of 0.066 in / 1.7 mm; a hydrophilic coating length of 102 cm; and a useable length of 137 cm. Therefore, like the embodiments of '703 and '024 Patents, the APRO70 and APRO55 catheters have an inner diameter to outer diameter ratio higher than 0.80 (i.e., 0.843 and 0.833 respectively). The dimensions of Defendant's APRO catheters are as shown below.[2]

APRO®* catheter[9]

| Item number | Compatible sheaths | Inner diameter (ID) | Outer diameter (OD) distal and proximal | Hydrophilic coating length (cm) | Usable length (cm) |
|---|---|---|---|---|---|
| APRO-70-132 | Minimum 0.088" ID | 0.070" / 1.8 mm | 0.083" / 2.1 mm | 97 | 132 |
| APRO-55-137 | Minimum 0.071" ID | 0.055" / 1.4 mm | 0.066" / 1.7 mm | 102 | 137 |

2 Image from Medtronic's website (*see* https://www.medtronic.com/en-us/healthcare-professionals/products/neurological/neurovascular/aspiration/APRO-70-aspiration-catheter.html#ordering-information) (last accessed May 31, 2025).

32. The Medtronic webpage[3] for each model identifies the manufacturer as "Alembic, LLC". The image below is a disclaimer from Medtronic's webpage identifying that the APRO70 and APRO50 catheters are "manufactured by Alembic LLC."

APRO®* is a trademark of Palmera Medical and is manufactured by Alembic LLC, and distributed by Medtronic.

33. Further, on information and belief, the packaging of the APRO70 catheter identifies Defendant Alembic as the manufacturer.




3 Image from *id.*

34. On information and belief, Defendant has been manufacturing and selling its APRO catheters since at least July 2023.

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 11,096,703**

**DIRECT INFRINGEMENT**

35. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

36. On information and belief, Defendant, alone or by directing and controlling others, manufactured, used, marketed, distributed, imported, shipped, offered for sale, and/or sold and continues to sell in this district and elsewhere in the United States, APRO catheters which infringe at least claim 1 of the '703 Patent, literally or under the doctrine of equivalents, as identified below in violation of 35 U.S.C. § 271.

37. Attached hereto as **Exhibit D** is a claim chart showing that Defendant's APRO70 catheter meets each and every limitation of Claim 1 of the '703 patent.

38. On information and belief, Defendant knowingly or with reckless disregard is willfully infringing the '703 Patent.

39. In addition, Defendant had actual knowledge of the '703 Patent at least as of March 28, 2025 ("the March email"), when Anoxia sent an email to Defendant informing Defendant that its APRO70 and APRO50 catheters infringed the '703 Patent. A true and correct copy of the March email is attached hereto as **Exhibit E.**

40. To illustrate the similarity between the figures in the '703 Patent and the APRO catheters, Fig. 8 of the '703 Patent is shown below and Defendant's promotional literature (sketch) of its APRO70/55 catheter is shown below.



Fig 8




41. Defendant's act of infringement has injured and damaged Anoxia and will continue to injure and damage Anoxia in amount to be proven at trial.

42. Due to Defendant having actual notice of infringement of the '703 Patent and continuing to directly infringe despite an objectively high likelihood that its actions constitute direct infringement of Anoxia's valid patent rights, Anoxia seeks enhanced damages pursuant to 35 U.S.C. § 284.

43. Further, Defendant's actions have caused Anoxia to suffer irreparable harm resulting from the loss of its lawful patent rights and the loss of its ability to exclude others from the market. On information and belief, Defendant will continue these infringing acts unless enjoined by this Court.

**INDIRECT INFRINGEMENT BY INDUCEMENT**

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

45. On information and belief, Defendant is liable for inducing infringement of the '703 Patent under 35 U.S.C. § 271(b) by having knowledge of the '703 Patent and knowingly causing or intending to cause, and continuing to knowingly cause or intend to cause, direct infringement of the '703 Patent, with specific intent, by its customers.

46. Specifically, Defendant had knowledge of the '703 Patent at least as of March 28, 2025 (*see* Exhibit E) and actively induced, and continues to actively induce, infringement of the '703 Patent by, *inter alia*, aiding its customers on the use of the Accused Products and/or promotion and/or sale of the Accused Products to others.

47. For example, on information and belief, despite having knowledge of the '703 Patent, Defendant continues to manufacture APRO catheters to be distributed and sold in the United States by Medtronic. Defendant's customer, Medtronic, infringes the '703 Patent by

making, using, selling, and/or offering for sale the Accused Products. A screenshot of the distribution and sale of Defendant's APRO catheters by Medtronic[4] is shown below.




48. Thus, Defendant actively induces infringement of the '703 Patent, because Defendant has knowledge of the '703 Patent and knowledge that its customers of the Accused Products, including but not limited to Medtronic, provide, make, use, sell, and/or offer for sale the Accused Products in the United States, and because Defendant encourages, aids, and causes such acts resulting in direct patent infringement, by, *inter alia*, aiding, promoting, and/or selling the Accused Products to Defendant's customers, including but not limited to Medtronic, for their use of the benefits claimed in the '703 Patent.

49. On information and belief, Defendant intends to, and continues to intend to, indirectly infringe the '703 Patent through inducement of the sale and use of the Accused Products.

50. On information and belief, despite knowing that its actions constituted induced infringement of the '703 Patent and/or despite knowing that there was a high likelihood that its

[4] Image from Medtronic's website (*see* https://www.medtronic.com/en-us/healthcare-professionals/products/neurological/neurovascular/aspiration/APRO-70-aspiration-catheter.html) (last accessed May 31, 2025).

actions constituted induced infringement of the ’703 Patent, Defendant nevertheless continued its infringing actions, and continues to make, use, and sell the Accused Products.

51. On information and belief, Defendant continues to provide the Accused Products with full knowledge and disregard of the ’703 Patent.

52. Defendant’s past and ongoing act of induced infringement of the ’703 Patent has injured and damaged Anoxia and will continue to injure and damage Anoxia.

53. Due to Defendant having actual notice of infringement of the ’703 Patent and continuing to indirectly infringe despite an objectively high likelihood that its actions constitute induced infringement of Anoxia valid patent rights, Anoxia seeks enhanced damages pursuant to 35 U.S.C. § 284.

54. Further, Defendant’s actions have caused Anoxia to suffer irreparable harm resulting from the loss of its lawful patent rights and the loss of its ability to exclude others from the market. On information and belief, Defendant will continue these infringing acts unless enjoined by this Court.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,890,024

### DIRECT INFRINGEMENT

55. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

56. On information and belief, Defendant, alone or by directing and controlling others, manufactured, used, marketed, distributed, imported, shipped, offered for sale, and/or sold and continues to sell in this district and elsewhere in the United States, APRO catheters which infringe at least claim 1 of the ’024 Patent, literally or under the doctrine of equivalents, as identified below in violation of 35 U.S.C. § 271.

57. Attached hereto as **Exhibit F** is a claim chart showing that Defendant’s APRO70 catheter meets each and every limitation of Claim 1 of the ’024 patent.

58. On information and belief, given the similarity between the APRO catheters and the figures in the ’024 Patent, Defendant knowingly or with reckless disregard willfully infringed the ’024 Patent at least as of the time they designed the APRO catheters.

59. To illustrate the similarity between the figures in the ’024 Patent and the APRO catheters, Fig. 8 of the ’024 Patent is shown below, Defendant’s promotional literature (sketch) of its APRO70/55 catheter is shown below. *See also* Complaint, ¶¶ 30-31.? 29-30



Fig 8

60. In addition, Defendant had actual knowledge of the ’024 Patent at least as of March 28, 2025, when Anoxia sent the March email to Defendant informing Defendant that its APRO70 and APRO50 catheters infringed the ’024 Patent. While Defendant has provided a response to the March email on June 4, 2024 stating that Alembic has identified a prior art that may invalidate the ’703 Patent claims, Plaintiff strongly believes that prior art provided by the Defendant is without merit. *See* Exhibit E.

61. Defendant’s act of infringement has injured and damaged Anoxia and will continue to injure and damage Anoxia.

62. Due to Defendant having actual notice of infringement of the ’024 Patent and continuing to directly infringe despite an objectively high likelihood that its actions constitute direct infringement of Anoxia’s valid patent rights, Anoxia seeks enhanced damages pursuant to 35 U.S.C. § 284.

63. Further, Defendant’s actions have caused Anoxia to suffer irreparable harm resulting from the loss of its lawful patent rights and the loss of its ability to exclude others from the market. On information and belief, Defendant will continue these infringing acts unless enjoined by this Court.

**INDIRECT INFRINGEMENT BY INDUCEMENT**

64. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

65. On information and belief, Defendant is liable for inducing infringement of the ’024 Patent under 35 U.S.C. § 271(b) by having knowledge of the ’024 Patent and knowingly causing or intending to cause, and continuing to knowingly cause or intend to cause, direct infringement of the ’024 Patent, with specific intent, by its customers.

66. Specifically, Defendant had knowledge of the ’024 Patent at least as of March 28, 2025 (*see* Exhibit D) and actively induced, and continue to actively induce, infringement of the ’024 Patent by, *inter alia*, aiding its customers on the use of the Accused Products and/or promotion and/or sale of the Accused Products to others.

67. For example, on information and belief, despite having knowledge of the ’024 Patent, Defendant continues to manufacture APRO catheters to be distributed and sold in the United States by Medtronic. Defendant’s customer, Medtronic, infringes the ’024 Patent by making, using, selling, and/or offering for sale the Accused Products. *See* Complaint, ¶¶ 48-49.

68. Defendant actively induces infringement of the ’024 Patent, because Defendant has knowledge of the ’024 Patent and knowledge that its customers of the Accused Products, including but not limited to Medtronic, provide, make, use, sell, and/or offer for sale the Accused Products in the United States and globally, and because Defendant encourages, aids, and causes such acts resulting in direct patent infringement, by, *inter alia*, aiding, promoting, and/or selling the Accused Products to Defendant’s customers, including but not limited to Medtronic, for their use of the benefits claimed in the ’024 Patent.

69. On information and belief, Defendant intends to, and continues to intend to, indirectly infringe the ’024 Patent through inducement of the sale and use of the Accused Products.

70. On information and belief, despite knowing that its actions constituted induced infringement the ’024 Patent and/or despite knowing that there was a high likelihood that its

actions constituted induced infringement of the ’024 Patent, Defendant nevertheless continued its infringing actions, and continues to make, use, and sell the Accused Products.

71. On information and belief, Defendant continues to provide the Accused Products with full knowledge and disregard of the ’024 Patent.

72. Defendant’s past and ongoing act of induced infringement of the ’024 Patent has injured and damaged Anoxia and will continue to injure and damage Anoxia.

73. Due to Defendant having actual notice of infringement of the ’024 Patent and continuing to indirectly infringe despite an objectively high likelihood that its actions constitute induced infringement of Anoxia valid patent rights, Anoxia seeks enhanced damages pursuant to 35 U.S.C. § 284.

74. Further, Defendant’s actions have caused Anoxia to suffer irreparable harm resulting from the loss of its lawful patent rights and the loss of its ability to exclude others from the market. On information and belief, Defendant will continue these infringing acts unless enjoined by this Court.

## PRAYER FOR RELIEF

1. Wherefore, Plaintiff demands judgment against Defendant as follows:

   a. That the Court has jurisdiction of the parties and of the subject matter of this action;

   b. That the ’703 Patent is valid and owned by Plaintiff;

   c. That the ’024 Patent is valid and owned by Plaintiff;

   d. That Defendant has infringed the Asserted Patents by manufacturing, using, distributing, importing, shipping, using, marketing, offering for sale and/or selling the APRO catheters;

   e. That Defendant’s infringement is willful;

   f. That Defendant and all affiliates, subsidiaries, officers, employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or on behalf of Defendant, be enjoined from further infringing the Asserted Patents.

g. That Defendant be required by mandatory injunction to deliver to Plaintiff for destruction any and all APRO catheters, and any and all other infringing devices, in Defendant's possession, custody, or control, as well as any promotional literature and packaging which display the APRO catheters and any other infringing device.

h. That Plaintiff be awarded damages covered by the acts of patent infringement of Defendant in an amount not less than a reasonable royalty pursuant to 35 U.S.C. § 284 or in an amount equal to Defendant's profits pursuant to 35 U.S.C. § 289, whichever is greater and that such damages be trebled in accordance with the provisions of 35 U.S.C. § 284;

i. That Defendant pays Plaintiff prejudgment interest on all infringement damages;

j. That Plaintiff recovers its costs in this action, including attorneys' fees; and

k. That Plaintiff has such other or further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 7, 2025

VENABLE LLP

By: SARAH S. BROOKS

SARAH S. BROOKS (SBN 266292)
JONATHAN L. KO (SBN 321827)
VENABLE LLP
2049 CENTURY PARK EAST,
SUITE 2300
LOS ANGELES, CA 90067
TELEPHONE: 310.229.9900
FACSIMILE: 310.229.9901

*Attorneys for Plaintiff Anoxia Medical Inc.*